UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius Jarod Smalls, ) | C/A No. 2:15-2510-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Alan Wilson, Scarlett Wilson, Tripp Lawton,) | |
| and Linda S. Lombard, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se, brings this action against Defendants, alleging malfeasance by Defendants in their state criminal prosecution of Plaintiff. Plaintiff filed this action in forma pauperis under 28 U.S.C.A. § 1915. The matter is before the Court pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.). After careful review, the undersigned recommends summarily dismissing the complaint as frivolous and for failure to state a claim.

**Facts and Procedural History**

Plaintiff is an inmate in the South Carolina Department of Corrections. In 2005, Plaintiff pled guilty to two counts of armed robbery, assault and battery with intent to kill, and kidnapping, and was sentenced to an aggregate term of twenty-five years of imprisonment. No direct appeal was taken. In 2010, Plaintiff's first application for post-conviction relief (PCR) was granted as to Plaintiff's request for a belated review of his direct appeal issues pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). On a writ of certiorari from the order granting Plaintiff's request for a belated review of his direct appeal issues, the South Carolina Court of Appeals denied the petition, finding the PCR judge's finding that Plaintiff did not knowingly and intelligently waive his right to direct appeal was not supported by the evidence. Plaintiff's second PCR application was

summarily dismissed without a hearing on June 2, 2015. Plaintiff's third PCR application, filed on March 21, 2014, is currently pending in state circuit court.

Plaintiff filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 in this Court in 2013. Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG. In that matter, Plaintiff's grounds for relief were (1) fraud in prior cases related to traffic violations, (2) misrepresentations by the solicitor and police in affecting his arrest, (3) and ineffective assistance of counsel. The final order from that matter indicates the petition was dismissed because it was filed outside of the statute of limitations under 28 U.S.C.A. § 2244(d).[1]

Plaintiff filed a second petition for a writ of habeas corpus in this Court on July 15, 2015, alleging ineffective assistance of trial counsel. Civ. A. No.: 2:15-2782-RMG-MGB. Plaintiff relied on Martinez v. Ryan, 132 S.Ct. 1309 (2012), which allows a federal court to review the constitutionality of a state prisoner's conviction and sentence, even where the state claim is barred under the state's procedural rules, if the applicant's counsel in his initial-review collateral proceeding was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984), and the applicant can demonstrate that the underlying ineffective assistance of counsel claim has some merit. In a Report and Recommendation dated September 15, 2015, the undersigned recommend summarily dismissing that petition. (See Dkt. No. 7 in Smalls v. Warden, Civ. A. No. 2:15-cv-02782-RMG.)

---

[1] The Court also found Petitioner's substantive claims to be without merit. The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal on March 17, 2015. See Smalls v. McFadden, No. 14-7620 (4th Cir. Mar. 17, 2015).

Plaintiff filed this civil action against Defendants on June 23, 2015. The Court issued an order on June 25, 2015, requiring Plaintiff bring this action into proper form for service. Plaintiff brought the action into proper form on July 13, 2015.

## Analysis

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows the Court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980). Even under this less stringent standard, however, the pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings

means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

After careful consideration of Plaintiff's claims, the undersigned recommends Plaintiff's complaint be summarily dismissed as frivolous and for failure to state a claim upon which relief may be granted. See 28 U.S.C.A. § 1915A(b)(1) (2006) (providing a court shall dismiss a prisoner's complaint upon initial review if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted).

## Crime Victims' Rights Act

Plaintiff first alleges he is a "crime victim" under the Crime Victims' Rights Act, and therefore, he is afforded the rights enumerated in 18 U.S.C.A. § 3771 (2015) for crime victims in federal habeas corpus proceedings.[2] However, the Court finds Plaintiff is not a "crime victim" under

---

[2] The Crime Victims' Rights Act provides a crime victim has the following rights in federal habeas corpus proceedings arising out of a state conviction:

> The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; and the right to be treated with fairness and with respect for the victim's dignity and privacy.

28 U.S.C.A. § 3771(a-b).

the Act because nothing in the record before the Court suggests a state offense was committed against Plaintiff. See § 3771(b)(2)(D) (defining "crime victim"). Plaintiff fails to allege a crime occurred that would provide the Court with jurisdiction to provide relief under the Act. See § 3771(d)(3) ("The rights described in subsection (a) shall be asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred."). Furthermore, the United States Court of Appeals for the Fourth Circuit has already decided this very argument against Petitioner; in an Order dated August 7, 2015, the Fourth Circuit stated, "Petitioner is not a crime victim under the CVRA, and the denial of his habeas corpus petition does not make him a crime victim." (See Dkt. No. 78 at 3 of 3 in Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG.) Accordingly, Plaintiff is not entitled to any form of relief under the Crime Victims' Rights Act because he is not a "crime victim."

## 18 U.S.C.A. §§ 241-42

Plaintiff requests Defendants be criminally charged with violating 18 U.S.C.A. §§ 241-42 (2006). However, Plaintiff's complaint is civil in nature, and 18 U.S.C.A. §§241-42 provide no basis for a civil cause of action. See Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Kitchen v. Riley, Civ. A. No. 2:14-cv-00569-RMG-MGB, 2015 WL 5009128 (D.S.C. 2015). Further, the authority and discretion to prosecute criminal cases is specifically reserved to the United States Attorneys. See 28 U.S.C.A. § 547(2) (2006). Accordingly, Plaintiff's claims under §§ 241-42 are without merit and should be dismissed.

## Rule 60(b) Motion

Plaintiff asks the Court to reopen his original federal habeas corpus case and require Defendants to "defend" the case. (Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG). The Court

construes this request as a Rule 60(b) motion for relief from a judgment. See Rule 60(b), F.R.C.P. However, as noted above, Plaintiff's original federal habeas corpus case was heard and dismissed on the merits, (Dkt. No. 52, Order Adopting Report and Recommendation, Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG), and after Plaintiff filed several post-judgment motions, the Court directed the Clerk of Court to not accept any further filings from petitioner in the matter. (Dkt. No. 75, Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG). To the extent Plaintiff seeks relief pursuant to Rule 60(b)(3), his request should be denied, as he has not shown "the misconduct complained of by clear and convincing evidence" or "demonstrate[d] that such misconduct prevented him from fully and fairly presenting his claim or defense." Square Constr. Co. v. Wash. Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1991) (citations omitted). In litigating his habeas petition in Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG, Plaintiff made many, if not all, of the same arguments he makes in the case *sub judice*; his claims were fully litigated. To the extent Plaintiff seeks relief pursuant to Rule 60(b)(4), that request should be denied. "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citation omitted). None of these criteria have been met in the case *sub judice*. Plaintiff was fully heard in his habeas petition. See Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG. Accordingly, to the extent Plaintiff seeks relief in Smalls v. McFadden, Civ. A. No.: 2:13-02651-RMG pursuant to Rule 60(b), such a request should be denied.

42 U.S.C.A. § 1983

Plaintiff states random allegations concerning violations of his constitutional rights such as due process of the law under the Fourteenth Amendment and the prohibition on involuntary

servitude under the Thirteenth Amendment. Plaintiff makes various claims throughout his complaint that Defendants Alan Wilson, Scarlett Wilson, and Tripp Lawton tried Plaintiff with witnesses that had no personal knowledge of Plaintiff's alleged criminal acts. Plaintiff also claims Defendant Linda Lombard, a county magistrate, issued a warrant for Plaintiff's arrest without a showing of probable cause. To the extent such claims could be construed as federal civil rights claims under § 1983, this Court finds Defendants are immune from suit. As state prosecutors, Defendants A. Wilson, S. Wilson, and Lawton enjoy absolute immunity for their actions in prosecuting Plaintiff. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (stating "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to absolute immunity); Imbler v. Pachtman, 424 U.S. 409, 424 (1976) (holding state prosecutors have absolute immunity from civil suits for the initiation and pursuit of criminal prosecutions). As a judge, Defendant Lombard enjoys absolute immunity from decisions made on the bench. See Mireles v. Waco, 502 U.S. 9 (1991) (stating a judge is generally immune from a suit for money damages); Jackson v. Houck, 181 F. App'x 372 (4th Cir. 2006). Accordingly, to the extent Plaintiff seeks redress against Defendants pursuant to § 1983, Defendants are immune from suit under the circumstances, and Plaintiff's claims should be dismissed.

**Conclusion**

For the foregoing reasons, the undersigned recommends summarily dismissing Plaintiff's complaint as frivolous and for failure to state a claim. Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 16, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Rule 72, Federal Rules of Civil Procedure, advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk  
United States District Court  
Post Office Box 835  
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).